ROLAND D. ARMSTRONG

*v.*

AGNES FISHER et al.

[Decided May 24th, 1907.]

Under *P. L. 1906 p. 269*, providing that a purchaser of real estate at foreclosure sale, &c., shall be relieved from his bid if before delivery of the deed he satisfy the court of the existence of any substantial defect in or cloud on the title which would render the title unmarketable, or of the existence of any lien or encumbrance thereon, unless a reasonable description of the estate or interest to be sold and of the defects in the title and liens or encumbrances thereon, with the approximate amount thereof, be inserted in the notices and advertisements of sale and in the conditions of sale, expenses incurred in procuring searches showing the state of a title since the date of a mortgage were necessary for the proper foreclosure thereof, and taxable under rule 113*a* in favor of the party foreclosing the mortgage, though expenses incurred in searching the title anterior to the date of the mortgage were not taxable.

Heard on bill, answer, replication and proofs.

*Messrs. Condict, Condict & Boardman,* for the complainant.

*Messrs. Tennant & Haight,* for the defendants.

GARRISON, V. C.

It is not necessary to advert to the issues raised and decided in this suit. The only question to be determined is one of costs. The suit is one to foreclose a mortgage held by the complain-

ant, and the solicitor of the complainant caused not only the customary searches to be made from the date of the mortgage, but also searched the title anterior to the date of the mortgage for the purpose of disclosing any defects in or liens or encumbrances thereon.

His purpose in doing this was so that he could insert in the notice of sale and in the conditions thereof a reasonable description of the defects in the title and the liens or encumbrances thereon, so that the purchaser at the sale could not be relieved of his bid on account of the existence of such defects, liens or encumbrances.

The insertion in the notice of sale and in the conditions thereof, of the existence of the defects in the title and of the liens and encumbrances thereon has the effect of preventing the purchaser from obtaining relief from his bid by force of the statute. *P. L. 1906 p. 269.*

The solicitor of the complainant requested me to certify, in pursuance of rule 113*a,* that in my opinion the certificates of search presented by him were necessary for the proper foreclosure of his mortgage, upon which certificate he could obtain the taxation of the same in his costs.

I will certify that the expense incurred in procuring searches showing the state of the title since the date of the mortgage were necessary for the proper foreclosure thereof, and therefore, under rule 113*a* and the statute (*P. L. 1902 p. 540*), are properly taxable in favor of the complainant.

I cannot certify that the expenses incurred for searching the title anterior to the date of the mortgage are taxable.

The complainant contends that these search fees should be included because they were rendered necessary by the statute above referred to. *P. L. 1906 p. 269.*

I do not concur in this view. In my view, that statute does not cast any duty upon the complainant, or upon any of the parties in the suit, but does extend to each of them a privilege. Before the enactment of this suit a purchaser at a judicial sale in New Jersey took such title as the proceedings showed, and could not claim to be relieved because of the existence of prior encumbrances or of defects in the title.

The effect of this statute is to prevent the bidder or purchaser from being relieved if the defects in the title and the liens and encumbrances thereon are brought to his notice before the sale.

In my view, therefore, anyone who desires to bring these things to the notice of the intending purchasers may do so, but it is not the duty of anyone to do so. A mortgage may be foreclosed, and the equity of redemption disposed of, and the title which a sale under the mortgage is capable of conveying be conveyed without necessarily searching back of the date of the mortgage.

If it be to the interest of the complainant to have the sale under such conditions that the purchaser cannot be relieved of his bid because of defects, &c., then the complainant may serve his own interest by searching for defects, liens and encumbrances. and may cause notice of the same to be given. In like manner, in my view, any of the other parties may avail themselves of the privilege extended by this statute.

I conclude, therefore, that costs for such searching may not be taxed in favor of any party without legislative sanction, and I do not find any present legislation sanctioning the same.