The complainant foreclosed a mortgage upon lands and premises in the city of Camden. The decree in favor of complainant was $25,516.67, interest and costs. *Page 448 
The petitioner William E. Leon held a second mortgage and said decree provided that he was to be paid the sum of $13,952.25, with interest and costs.
At the sale the complainant bid $28,000, and the petitioner bidding $28,001 the property was struck off to him for the said amount.
The sale was confirmed February 16th, 1928; the petitioner paid on account the sum of $500 and has refused to pay the balance and take the deed, alleging that the buildings upon said premises encroach upon adjoining property as well as the public street.
It is unnecessary to determine to what extent if any the encroachments exist. The question may be determined upon a broader view.
I am satisfied from the evidence produced, that Mr. Leon's refusal to take the property was not because of the encroachments.
I am of the opinion that he well knew the situation and condition of the property and the buildings thereon long prior to the sale. He obtained a title policy at the time of the execution of the mortgage to him, he had been in and about the property many times before that date, and to a greater or lesser degree was connected with the business conducted therein. He raised no objection to the title to the property until April 10th, 1928, when through his solicitor he said: "Their survey shows several encroachments," although, on March 7th, 1928, in a letter the solicitor stated that Mr. Leon had been ready for settlement for some time but was unable to settle on account of the delay in the sheriff's office in preparing a deed, and asked for a delay until he, the solicitor, should return from a vacation on March 16th.
Although there is no direct testimony when the survey was delivered, it was ordered by Mr. Tyler on February 20th, 1928, finished on February 27th, 1928, and was probably sent Mr. Tyler within a day or two thereafter.
Chancellor Walker, while a vice-chancellor, in Oakley v.Shaw, 69 Atl. Rep. 462 (at p. 464), said: "* * * I believe the defendant in this cause has no standing to be protected underP.L. 1906 p. 269, which he invokes and which provides *Page 449 
that a purchaser of real estate at foreclosure sale shall be relieved from his bid if he satisfied the court of the existence of any substantial defect in or cloud upon the title, which would render it unmarketable, or of the existence of any lien or encumbrance thereon, unless a reasonable description of the estate or interest to be sold and of the defects in the title and liens or encumbrances thereon, with the approximate amount thereof, be inserted in the notices and advertisements and conditions of sale. In Armstrong v. Fisher, 73 N.J. Eq. 228,
Vice-Chancellor Garrison said: `Before the enactment of this statute (P.L. 1906 p. 269) a purchaser at a judicial sale in New Jersey took such title as the proceedings showed, and could not claim to be relieved because of the existence of prior encumbrances or of defects in the title. The effect of this statute is to prevent the purchaser or bidder from being relieved, if the defects in the title and the liens and encumbrances thereon are brought to his notice before the sale.' What is aimed at by this statute is notice, and, independently of the statute, it seems to me that one who has notice of the condition of the title cannot object that he did not obtain that notice in the manner and form prescribed by the statute. In other words, he cannot be relieved if he has notice. The statute is entirely remedial, and should not be extended to one whose claim to the remedy is without equity."
I find that the purchaser is not entitled to be relieved from the effect of his bid. *Page 450